No. 04-99-00581-CV



OMNI Interests, Inc. by and through JLJ Resources, Inc.,


Appellant



v.



STATE of Texas, County of Bexar, et. al.,


Appellees



From the 166th Judicial District Court, Bexar County, Texas


Trial Court No. 85-TA1-0105


Honorable David Peeples, Judge Presiding(1)



Opinion by: Tom Rickhoff, Justice


Sitting: Tom Rickhoff, Justice

 Alma L. López, Justice

 Paul W. Green, Justice


Delivered and Filed: May 17, 2000


AFFIRMED

 This is an appeal of an order denying a motion to compel both the deposit of excess sale
proceeds into the registry of the court and the subsequent withdrawal of the funds by appellant. The
excess sale proceeds were allegedly generated by the sale of property taken in satisfaction of a
judgment for delinquent taxes. Because we find no evidence that appellant was entitled to any
identifiable sale proceeds, we affirm the judgment of the trial court.

Facts and Background

 On April 24, 1986, Bexar County and Northeast Independent School District (ISD) recovered
a tax judgment against OMNI Interest, Inc. for real property taxes due against CB 5508, BLK, Lot
11 G, Account Number 05508-000-0170.(2) Despite Omni's contention that it did not own an interest
in the described property, the court rendered judgment in favor of Bexar County and Northeast ISD
for delinquent taxes on the subject property. Pursuant to the judgment, the Clerk of the court ordered
that the property be sold. On February 4, 1987, when no other bidder offered to purchase the subject
property, Bexar County purchased the property for the balance owed, $12,158.27. On June 7, 1995,
Bexar County resold the property to Sun NLF, L.P. for $25,816. The title insurer for the resale
purchaser, Commonwealth Land Title Company of San Antonio (Commonwealth), tendered
payment for the subject property to the Bexar County Sheriff. Subsequently, Commonwealth filed
a cause against Bexar County seeking to invalidate the resale purchase. On February 27, 1996, the
court ordered Bexar County to refund Commonwealth the money paid the County for the subject
property.(3) 

 In that case, the court ruled the resale void because the underlying tax judgment was in error.
The court found that in 1981, Lot 11G Account Number 05508-000-0170, and another lot (known
as Lot 11F) were re-platted into Lot 9, Omni subdivision, Unit 1. Lot 9 was assigned a new tax
account number of 05508-004-0090; however, the old account number for the subject property was
not deleted. Accordingly, the subject real property was double assessed by Bexar County for the tax
years 1982-1993. 

 Of the $25,819.81 tendered by Commonwealth, $24,574.65 was forwarded to the Bexar
County Tax Office wherein it was applied to tax account number 05508-000-0170 for payment of
tax years 1982-1987. Because the court found that no taxes were due on that account number, the
court refunded the $24,574.65. The court also ordered that the Tax-Assessor Collector for Bexar
County correct the error by both removing any and all remaining tax, penalty and interest, and
correcting all necessary records and appraisal rolls on tax account No. 05508-000-0170. Appellant
was not a party to the judgment.

 On July 29, 1997, JLJ obtained a Quitclaim Deed from Omni regarding the subject property.
The Quitclaim Deed assigned to JLJ all of Omni's rights in the property, including any chose in
action for excess sale proceeds. On May 6, 1999, JLJ filed their petition to withdraw excess
proceeds. After a hearing on the motion, the petition was denied and appellant timely filed his notice
of appeal.

Argument 

 Under the Texas Property Tax Code a person may recover any excess proceeds produced
from a tax resale. TEX. PROPERTY CODE §34.04 (Vernon 1992 & Supp. 1999). The right to these
excess proceeds is a chose in action which exists if and when an excess fund is created. See Syntax,
Inc. v. Hall, 899 S.W.2d 189, 190 (Tex. 1995). The claimant has the burden of establishing
entitlement to the excess proceeds. See TEX. PROPERTY CODE § 34.03 (Vernon 1992 & Supp.
1999).

 Both parties admit that a resale was executed from Bexar County to Sun NLF, Limited
Partnership for the sum of $25,816.81. According to appellant that sale produced a vested right to
the excess proceeds of $13,658.84. However, this sale was later declared invalid by an agreed
judgment between Commonwealth Land Title Co. and Bexar County. Appellant argues that this
judgment invalidating the sale to Sun NLF is not binding on him because he was not made a party. 

 Taxing units have no authority to profit from excess funds derived from the sale of property
taken in satisfaction of a judgment for delinquent taxes. See Syntax, Inc., 899 S.W.2d at 190. "The
purpose of a taxing entity is merely to assess and collect revenues." Id. at 192. The property tax code
provisions that appellant relies on are merely tools toward that end. Id. at 192. 

 In our case, there is no indication that Bexar County profited from its dealings with Sun NLF
and its title insurer Commonwealth. In fact, the agreed judgment voiding the sale conclusively
proved that Bexar County did not profit. The funds received for the subject property by Bexar
County were returned. We see no reason to extend statutorily created rights without regard for their
intended use. Therefore, we find that appellant has not produced sufficient evidence that it was
entitled to any identifiable excess resale proceeds. 


 Tom Rickhoff, Justice

Do Not Publish


1. Judge Carol R. Haberman signed the order.
2. See Cause No. 85-Ta1-0105, styled The State of Texas and The County of Bexar vs. Omni Interests, Inc., et.
al.
3. See Cause No.95-CI-18232, styled Commonwealth Land Title vs. Bexar County, Texas and Bexar Appraisal
District.